UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>v. | §<br>§<br>§<br>§ | |
| JOHN DOE, SUBSCRIBER ASSIGNED IP ADDRESS 71.136.190.89 | §<br>§<br>§ | CIVIL NO. 4:22-CV-459-SDJ<br>LEAD CASE |
| JOHN DOE, SUBSCRIBER ASSIGNED IP ADDRESS 47.186.204.229 | §<br>§<br>§ | CIVIL NO. 4:22-CV-880-SDJ |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Strike 3 Holdings, LLC's Motion for Default Judgment Against Defendant Nigel Hiley.[1] (Dkt. #94). After full consideration, the Court finds that the Motion should be **GRANTED**.

### I. BACKGROUND

Strike 3 Holdings, LLC ("Strike 3") is an adult entertainment company involved in the licensing and distribution of copyrighted videos. (Dkt. #94-3 ¶¶ 3, 13). Strike 3 held the copyright to 56 adult-content videos, specifically defined at *Strike 3 Holdings, LLC v. John Doe, subscriber assigned IP address 47.186.204.229*, No. 4:22-cv-879-SDJ (E.D. Tex. Oct. 17, 2022), (Dkt. #39-1)[2] (collectively, the "Works"). Although Strike 3 licenses its videos to adult-entertainment broadcasters, Strike 3

[1] Hiley was originally identified as "John Doe, subscriber assigned IP address 47.186.204.229."

[2] Strike 3 filed its First Amended Complaint first identifying Hiley as the defendant associated with IP address 47.186.204.229 in Cause No. 4:22-cv-879-SDJ. However, this appears to be in error as the correct case for Hiley is Cause No. 4:22-cv-880-SDJ.

did not grant licenses for any of its copyrighted videos to Defendant Nigel Hiley. (Dkt. #94-3 ¶¶ 13, 43).

Defendant is an individual residing in Denton, Texas. (Dkt. #94-1 at 1, 3). Strike 3 alleges that Defendant "downloaded, copied, and distributed" Strike 3's copyrighted Works "without authorization." (Dkt. #94-3 ¶ 43). Specifically, Strike 3 alleges that Defendant used the BitTorrent Network—"a system designed to quickly distribute large files over the Internet"—to "illegally download and distribute" Strike 3's copyrighted Works. (Dkt. #94-3 ¶¶ 17, 28).

Strike 3 asserts that its proprietary copyright infringement detection system, VXN Scan, searched the BitTorrent Network for .torrent files claiming to be copies of Strike 3's copyrighted Works. (Dkt. #94-3 ¶¶ 27, 32). During this search, VXN Scan identified several such .torrent files distributed by Internet Protocol ("IP") address 47.186.204.229. (Dkt. #94-3 ¶¶ 29, 32, 47–48). VXN Scan then established a direct connection to that IP address and downloaded the .torrent files. (Dkt. #94-3 ¶ 32). Next, Strike 3 compared its own Works against the downloaded files and discovered that the files were identical or strikingly similar to Strike 3's copyrighted Works. (Dkt. #94-3 ¶¶ 33, 34). In total, Strike 3 alleges that VXN Scan identified 56 such digital media files distributed from IP address 47.186.204.229 through the BitTorrent Network. (Dkt. #94-3 ¶ 37). Because Strike 3 never gave Defendant authorization for that distribution, Strike 3 alleges that Defendant infringed Strike 3's copyrights for the 56 Works. (Dkt. #94-3 ¶¶ 4, 43).

After this investigation, Strike 3 used the Maxmind geolocation service to determine that the IP address distributing these infringing files was assigned by Frontier Communications (the "ISP")—an internet service provider—to a subscriber located in Denton, Texas. (Dkt. #94-3 ¶¶ 48–49). Strike 3 then moved for and obtained a subpoena to disclose the identity of the subscriber associated with the IP address, which Strike 3 served on ISP. (Dkt. #94-3 ¶ 50). In response, ISP identified Hiley as the subscriber assigned IP address 47.186.204.229 and provided Strike 3 with Hiley's street address. (Dkt. #94-3 ¶ 53).

Strike 3 then filed suit against Defendant, seeking damages for copyright infringement under 17 U.S.C. § 106 ("Copyright Act"). (Dkt. #94-3 ¶ 7). Defendant was timely served and has failed to respond for nearly three years. *See* (Dkt. #94-4). Strike 3 moved for the clerk to enter default against Defendant, (Dkt. #83), and the clerk's office entered default against Defendant, (Dkt. #89). Strike 3 now moves for default judgment on its claims, requesting statutory damages under 17 U.S.C. § 504(c); a permanent injunction under 17 U.S.C. § 502(a); and the destruction by Defendant of any infringing copies of Strike 3's Works under 17 U.S.C. § 503(b). (Dkt. #94-1 at 1, 8, 9, 11).

## II. Legal Standard

Federal Rule of Civil Procedure 55 sets forth the conditions upon which default may be entered against a party and the procedure to seek entry of a default judgment. *See* Fed. R. Civ. P. 55. Securing a default judgment involves a three-step procedure: (1) the defendant's default; (2) the entry of default; and (3) the entry of default

judgment. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). A "default" occurs when the defendant does not plead or otherwise respond to the complaint. *Id.* An "entry of default" is the notation the clerk makes after the default is established by affidavit. *Id.* The plaintiff may then apply for a judgment by the court based on this default—a "default judgment." *Id.*

Entry of default judgment is within the court's discretion. *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Still, "[c]ourts in the Fifth Circuit utilize a three-part analysis" to determine whether a default judgment is appropriate: "1) whether the entry of default judgment is procedurally warranted, 2) whether a sufficient basis in the pleadings based on the substantive merits for judgment exists, and 3) what form of relief, if any, a plaintiff should receive." *Graham v. Coconut LLC*, No. 4:16-CV-606, 2017 WL 2600318, at *1 (E.D. Tex. June 15, 2017) (citing *Lindsey*, 161 F.3d at 893). By defaulting, the defendant "admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (citing *Ohio Cent. R.R. Co. v. Ctr. Tr. Co.*, 133 U.S. 83, 10 S.Ct. 235, 33 L.Ed. 561 (1890)). On the other hand, "a defendant's default does not concede the truth of allegations of the complaint concerning damages." *Graham*, 2017 WL 2600318, at *1 (citation omitted).

## III. Discussion

Because Defendant has not answered or otherwise appeared, and because Strike 3 has obtained an entry of default against Defendant, (Dkt. #89), the first two

requirements for a default judgment have been met. The only remaining issue is whether a default judgment should be entered. *N.Y. Life Ins.*, 84 F.3d at 141. For the reasons below, the Court finds that default judgment is warranted.

**A. Default Judgment is Procedurally Warranted**

Before granting a default judgment, "[t]he Court must first determine whether a default judgment is procedurally warranted," which involves six factors:

> (1) whether material issues of fact exist; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of the default judgment; and (6) whether the court would think itself obliged to set aside the default on the defendant's motion.

*Griffin v. O'Brien, Wexler, & Assocs., LLC*, 680 F.Supp.3d 772, 780–81 (E.D. Tex. 2023). The Court finds that the six factors above weigh in favor of finding that default judgment is procedurally warranted against Defendant.

First, there are no issues of material fact. When a defendant defaults, it "admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Nishimatsu*, 515 F.2d at 1206. Here, Defendant failed to answer the complaint or otherwise appear. (Dkt. #89). As a result, Defendant has admitted Strike 3's well-pleaded factual allegations.

Second, Strike 3 has been substantially prejudiced by Defendant's failure to appear. When a defendant fails to respond to a lawsuit, the adversarial process is brought to a halt, resulting in prejudice to the plaintiff's interests. *Animaccord Ltd. v. Individuals, P'ships*, No. 4:25-CV-489, 2026 WL 1959256, at *3 (E.D. Tex. July 7,

2026) (quoting *Ins. Co. of the W. v. H&G Contractors, Inc.*, No. C–10–390, 2011 WL 4738197, at *3 (S.D. Tex. Oct. 5, 2011)). Here, Strike 3 has already been prejudiced by the nearly three-year delay caused by Defendant's failure to answer the complaint, and Strike 3 will be further prejudiced absent a default judgment.

Third, the grounds for default judgment are clearly established. When a defendant fails to respond "to the summons and complaint, the entry of default, or the motion for default" then the grounds for default are clearly established. *Graham*, 2017 WL 2600318, at *2 (citation omitted); *see also* FED. R. CIV. P. 55(a). Defendant was served in accordance with the Federal Rules. (Dkt. #94-4, #94-7). Defendant was then required to serve an answer or otherwise respond, but as of the date of this order, he has not.

Fourth, nothing in the record shows that Defendant's default is due to excusable neglect or good-faith mistake. Again, Defendant was properly served. (Dkt. #94-4, #94-7). Defendant neither responded nor offered evidence to show that his failure to respond was due to a "good faith mistake or excusable neglect." *Lindsey*, 161 F.3d at 893.

Fifth, Defendant's failure to file any responsive pleading or motion mitigates the harshness of a default judgment. *Am. Heritage Life Ins. Co. v. Mitchell*, No. 6:15-CV-95, 2016 WL 3883029, at *3 (E.D. Tex. May 24, 2016), *report and recommendation adopted*, 2016 WL 3855257 (E.D. Tex. July 15, 2016). Strike 3 followed the necessary procedural steps to obtain an entry of default. Because Defendant could have

responded during this litigation and chose not to, a default judgment is not unduly harsh.

Sixth, nothing in the record suggests that Strike 3 has contributed to the delay of this action or otherwise gives the Court any reason to set aside the clerk's entry of default. Thus, Strike 3 has met the procedural requirements for default judgment.

**B. There is a Sufficient Basis for Default Judgment**

After establishing that default judgment is procedurally warranted, the Court must determine whether there is a sufficient basis for judgment. *Nishimatsu*, 515 F.2d at 1206. Although Defendant has now functionally admitted the allegations set forth in the complaint, the Court must review the pleadings to determine whether the complaint presents a sufficient basis for relief. *Id.*

The Fifth Circuit "draw[s] meaning from the case law on Rule 8, which sets forth the standards governing the sufficiency of a complaint." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015). "Rule 8(a)(2) requires a pleading to contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* (quotations omitted). Ultimately, "[t]he factual allegations in the complaint need only 'be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (footnote and citations omitted)). This "low threshold" pleading standard "is less rigorous than that under Rule 12(b)(6)." *Cunningham v. Crosby Billing Servs., Corp.*, No. 4:18-CV-43, 2018 WL

6424792, at *4 (E.D. Tex. Oct. 14, 2018) (citation omitted). But only well-pleaded facts, not conclusions of law, are presumed true. *Nishimatsu*, 515 F.2d at 1206.

After reviewing Strike 3's pleadings and all the evidence before it, the Court finds that Strike 3 has sufficiently pleaded claims for copyright infringement to warrant the entry of default judgment against Defendant for violations of 17 U.S.C. § 106.

Strike 3 has proven that Defendant is liable for copyright infringement because Defendant infringed on Strike 3's exclusive rights under Section 106 of the Copyright Act. That Section defines the exclusive rights of copyright owners, including the rights to "reproduce the copyrighted work in copies" and "distribute copies . . . of the copyrighted work to the public by sale or other transfer of ownership." 17 U.S.C. § 106(1), (3). Anyone who violates any of the exclusive rights outlined in Section 106 commits copyright infringement, which is a strict liability offense. *BWP Media USA, Inc. v. T & S Software Assocs., Inc.*, 852 F.3d 436, 439–40 (5th Cir. 2017); *see also* 17 U.S.C. § 501(a). To show copyright infringement, a plaintiff must prove two things: (1) ownership of a valid copyright; and (2) that the defendant copied constituent, original elements of the work. *Id.* at 439 (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361, 111 S.Ct. 1282, 113 L.Ed.2d 358 (1991)).

First, Strike 3 provided undisputed evidence that it owned a valid copyright to all 56 of the Works that Strike 3 alleges that Defendant infringed. *Strike 3 Holdings, LLC v. John Doe, subscriber assigned IP address 47.186.204.229*, No. 4:22-cv-879-SDJ (E.D. Tex. Oct. 17, 2022), (Dkt. #39-1). Each of these Works is registered as a

valid copyright with Strike 3 as the owner. (Dkt. #94-3 ¶ 45). Thus, Strike 3 has shown it owns a valid copyright for each of the Works at issue in this case.

Second, Strike 3 provided undisputed evidence that Defendant copied constituent, original elements of Strike 3's copyrighted Works. (Dkt. #94-3 ¶¶ 32–43). By failing to respond to Strike 3's complaint, (Dkt. #89), Defendant by default admits that he illegally downloaded and distributed digital media files that were identical to Strike 3's copyrighted works. *See Nishimatsu*, 515 F.2d at 1206. That admission is supported by Strike 3's assertions that Defendant's IP address was the IP address that distributed the infringing digital media files detected and downloaded by VXN Scan. (Dkt. #94-3 ¶¶ 29, 47). As a matter of law, Defendant admits that he, without authorization, created copies of Strike 3's copyrighted Works and distributed them to the public through the BitTorrent Network. Thus, Strike 3 has proven Defendant copied constituent, original elements of the Works in violation of 17 U.S.C. § 106(1) and (3) of the Copyright Act.

**C. Remedies**

Because there is a sufficient basis in the pleadings for default judgment, the Court must next look at the issue of damages. Strike 3 requests statutory damages, a permanent injunction, and the destruction of all copies of infringed Works from each of Defendant's computers. Normally, damages are not awarded without an evidentiary hearing. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). "That rule, however, is subject to an exception where the amount claimed is a liquidated sum or one capable of mathematical calculation." *Id.* (citing *United Artists Corp. v. Freeman*,

605 F.2d 854, 857 (5th Cir. 1979)). Here, Strike 3 requests damages that are capable of mathematical calculation, so a hearing is unnecessary. For the following reasons, the Court finds that Strike 3 is entitled to all requested relief.

**i. Statutory Damages**

Under Section 17 of the Copyright Act, a plaintiff can, at any time before final judgment is rendered, elect to recover statutory damages instead of actual damages. 17 U.S.C. § 504(c)(1). Here, Strike 3 elects to recover statutory damages. (Dkt. #94-1 at 8). Strike 3 requests that the Court award the statutory minimum of $750 for each infringed work, for a total of $42,000. (Dkt. #94-1 at 10–11); (Dkt. #94-3 ¶¶ 46, 72(D).

For violations of Section 106, a copyright infringer is liable for (1) the copyright owner's actual damages or (2) statutory damages of not less than $750 and not more than $30,000 for any one infringed work. 17 U.S.C. § 504(a)(1)–(2), (c)(1). "The determination of statutory damages is left to the wide discretion of the court." *Twist & Shout Music v. Longneck Xpress, N.P.*, 441 F.Supp.2d 782, 784 (E.D. Tex. 2006) (citing *F.W. Woolworth Co. v. Contemp. Arts*, 344 U.S. 228, 231, 73 S.Ct. 222, 97 L.Ed. 276 (1952)). Here, Strike 3's request for minimum statutory damages is capable of mathematical calculation and deters Defendant from continued infringement of

Strike 3's copyrighted Works. Thus, the Court grants the statutory minimum damages of $750 per infringed work for the 56 Works, which is a total of $42,000.

**ii. Permanent Injunctive Relief**

Strike 3 seeks a permanent injunction restraining Defendant from continuing to infringe Strike 3's copyrighted works. (Dkt. #94-1 at 9–10); (Dkt. #94-3 ¶¶ 72(A)). Under 17 U.S.C. § 502, a court with jurisdiction over a copyright infringement action may grant an injunction on terms the court deems reasonable to prevent or restrain infringement of a copyright. 17 U.S.C. § 502(a). A permanent injunction is appropriate where a plaintiff proves:

> (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction.

*eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391, 126 S.Ct. 1837, 164 L.Ed. 641 (2006).

The first and second requirements of irreparable injury and no adequate remedy at law are often indistinguishable. *Lewis v. S. S. Baune*, 534 F.2d 1115, 1124 (5th Cir. 1976); *see also Malibu Media, LLC v. Dhandapani*, No. 3:19-cv-01300, 2020 WL 6120175, at *4 (N.D. Tex. Feb. 12, 2020). Here, requirements (1) and (2) are indistinguishable, and Strike 3 has satisfied both. Once copyright infringement is established, irreparable injury is presumed. *Animaccord*, 2026 WL 1959256, at *6 (quotation omitted). As concluded *supra* Section III.B, Strike 3 established Defendant infringed its copyrights. Further, money damages are inadequate because "money

will not prevent future infringing activity" by any individuals who downloaded and copied the copyrighted Works from Defendant's distribution. *Id.* at *6 (citing *Abraham v. Alpha Chi Omega*, 708 F.3d 614, 627 (5th Cir. 2013)).

Third, Defendant will suffer no hardship from a permanent injunction because Defendant did not have a right to copy or distribute Strike 3's copyrighted Works in the first place. "It is not a burden . . . to follow the law" by refraining from copyright infringement. *Twist & Shout*, 441 F.Supp.2d at 785 (citing *Playboy Enters., Inc. v. Webbworld, Inc.*, 991 F.Supp. 543, 561 (N.D. Tex. 1997)). Thus, Strike 3 has shown a remedy in equity is warranted, considering the balance of hardships.

Fourth, the public interest would not be disserved by a permanent injunction. "[T]he public interest is advanced by enforcing compliance with the laws of the United States." *Id.* (citing *Playboy*, 991 F.Supp. at 561). Defendant had no right to download, copy, or distribute Strike 3's copyrighted Works. So, granting a permanent injunction would enforce the laws of the United States and thus advance the public interest. Therefore, all four factors weigh in favor of granting a permanent injunction against Defendant to prevent further infringement of Strike 3's Works.

**iii. Destruction of Copies of Works from Defendant's Computers**

Strike 3 seeks the destruction of Defendant's infringing copies from each of Defendant's computers. (Dkt. #94-1 at 11); (Dkt. #94-3 ¶ 72(C)). Under 17 U.S.C. § 503(b), a court may, as part of a final judgment, order the destruction of all copies that violated a copyright owner's exclusive rights. Ordering the destruction of "copies that were made without authorization will ensure that Defendant is unable to

distribute them." *Columbia Pictures Indus. v. Whitting*, No. 06-CA-133, 2006 WL 1851388, at *3 (W.D. Tex. June 1, 2006). Having found Defendant infringed Strike 3's copyright, the Court concludes that Defendant should be ordered to destroy all copies of Strike 3's Works, including from each of Defendant's computers.

## IV. CONCLUSION

It is therefore **ORDERED** that Plaintiff Strike 3 Holdings, LLC's Motion for Default Judgment, (Dkt. #94), is **GRANTED**. In particular, the Court holds as follows:

1. Strike 3 has shown that it is entitled to a default judgment against Defendant. Defendant has violated Strike 3's exclusive rights under 17 U.S.C. § 106;
2. The Court awards Strike 3 statutory damages in the amount of Forty-Two Thousand Dollars ($42,000) pursuant to 17 U.S.C. § 504(c)(1);
3. The Court awards Strike 3 a permanent injunction restraining Defendant from downloading, copying, or distributing Strike 3's copyrighted Works without authorization;
4. The Court orders Defendant to destroy, including by permanent deletion and removal from each of Defendant's computers, all infringing copies of Strike 3's copyrighted Works; and
5. Defendant Nigel Hiley is liable for all damages awarded herein.

**So ORDERED and SIGNED this 14th day of September, 2026.**

SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE